UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LYNDALE COOPER, | CASE NO. 1:10-cv-01124-OWW-SMS (PC) |
| Petitioner/Plaintiff, | ORDER DENYING MOTIONS |
| vs. | (Docs. 10 and 11) |
| JEANNA WOODFORD, et al., | |
| Respondents/Defendants. | |

On June 15, 2010, Aaron L. Cooper, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus and a motion seeking the appointment of counsel in the Sacramento Division of the Eastern District of California. The action was transferred to this division on June 22, 2010, and on July 20, 2010, the Court issued an order striking Plaintiff's petition and motion for lack of signature. Fed. R. Civ. P. 11(a); Local Rule 131(b). Further, because the Sacramento Division construed Plaintiff's petition as a civil rights complaint, the Court provided Plaintiff notice of the differences between the two types of action, provided Plaintiff with a form petition and a form complaint, and ordered Plaintiff to file one or the other within thirty days.

On July 19, 2010, Plaintiff filed a motion seeking to have this action treated as one seeking habeas relief, as was his intention evidenced by the filing of a habeas petition.[1] On July 29, 2010,

///
///

---

[1] Although received in the mail on July 19, Plaintiff's motion had not yet been docketed at the time the Court issued its order on July 20.

1

1  Plaintiff filed a request seeking to have the Court vacate its order striking his petition and allow the
2  action to proceed. Plaintiff reiterated his desire to pursue habeas relief.[2]
3        Although Plaintiff contends otherwise, his habeas petition was not signed. The Court cannot
4  consider an unsigned filing. Therefore, Plaintiff's motion to vacate the order striking his petition
5  is denied.[3] The Court acknowledges Plaintiff's stated intent to pursue habeas relief. His remedy is
6  to file a signed habeas petition in compliance with the Court's order of July 20, 2010. The failure
7  to comply with the order will result in dismissal of this action.
8        Accordingly, Plaintiff's motions are HEREBY DENIED.

10  IT IS SO ORDERED.
11  **Dated:   August 3, 2010**                    /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] The Court construes the request to vacate the order striking the petition as a motion for reconsideration. Fed. R. Civ. P. 60; Local Rule 230(j).

[3] Regarding Plaintiff's demand that the $5.00 filing fee be returned if the Court is unwilling to vacate its order striking the petition, the filing fee is due upon initiation of the action and will not be returned should Plaintiff decide to voluntarily dismiss the action or should the Court dismiss the action.